UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

| | |
|---|---|
| JAMES RAHEEM RAINS, | ) |
| # 850456, | ) |
| | ) |
|        Plaintiff, | )  Case No. 1:17-cv-470 |
| | ) |
| v. | )  Honorable Robert J. Jonker |
| | ) |
| JODY LEBARRE, et al., | ) |
| | ) |
|        Defendants. | ) |
| _____ | ) |

**REPORT AND RECOMMENDATION**

This is a civil rights action brought *pro se* by a former state prisoner under 42 U.S.C. § 1983. Plaintiff's complaint arises out of conditions of his confinement at the Ionia Correctional Facility. The defendants are Health Care Manager Jody LeBarre; Nurses Keith Sikkema, Amy Moody, and Nicole Doolittle; and Physician's Assistant David Huyge. Plaintiff alleges that, on November 20, 2016, his arm became caught in a closing cell door and he suffered back, neck, and shoulder injuries. He alleges that defendants were deliberately indifferent to his serious medical needs, in violation of his Eighth Amendment rights. He alleges that Nurses Sikkema, Moody, and Doolittle passed out medications and picked up medical kites on a daily basis, but they failed to provide him with the medical care that he requested. Health Care Manager Jody LeBarre made weekly rounds in the prison's segregation unit and did not provide a reasonable response to plaintiff's requests for medical care. Physician's Assistant Huyge reviewed medical kites and made rounds in the prison's segregation

unit and he failed to provide adequate medical care. Plaintiff seeks damages and injunctive relief.

The matter is before the Court on motions for summary judgment by all defendants based on the affirmative defense of failure to exhaust administrative remedies, as required by 42 U.S.C. § 1997e(a). (ECF No. 14, 21). Also before the Court is a motion for summary judgment on the merits by Physician's Assistant Huyge (ECF No. 32). Plaintiff opposes the motions. (ECF No. 20, 23, 24, 35). For the reasons set forth herein, I recommend that the motions be granted, and that the Court dismiss plaintiff's claims against defendants LeBarre, Sikkema, Moody, and Doolittle without prejudice and enter judgment in favor of Physician's Assistant Huyge on all plaintiff's claims.

## **Summary Judgment Standard**

Summary judgment is appropriate when the record reveals that there are no genuine issues as to any material fact in dispute and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a); *McKay v. Federspiel*, 823 F.3d 862, 866 (6th Cir. 2016). The standard for determining whether summary judgment is appropriate is "whether 'the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Rocheleau v. Elder Living Const., LLC*, 814 F.3d 398, 400 (6th Cir. 2016) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)). The Court must consider all pleadings, depositions, affidavits, and admissions on file, and draw all justifiable inferences in favor of the party opposing the motion. *See*

*Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *France v. Lucas*, 836 F.3d 612, 624 (6th Cir. 2016).

When the party without the burden of proof seeks summary judgment, that party bears the initial burden of pointing out to the district court an absence of evidence to support the nonmoving party's case, but need not support its motion with affidavits or other materials "negating" the opponent's claim. *See Morris v. Oldham County Fiscal Court*, 201 F.3d 784, 787 (6th Cir. 2000); *see also Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005). Once the movant shows that "there is an absence of evidence to support the nonmoving party's case," the nonmoving party has the burden of coming forward with evidence raising a triable issue of fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). To sustain this burden, the nonmoving party may not rest on the mere allegations of his pleadings. *See Ellington v. City of E. Cleveland*, 689 F.3d 549, 552 (6th Cir. 2012); *see Scadden v. Warner*, 677 F. App'x 996, 1001, 2017 WL 384874, at *4 (6th Cir. Jan. 27, 2017). The motion for summary judgment forces the nonmoving party to present evidence sufficient to create a genuine issue of fact for trial. *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1478 (6th Cir. 1990); *see Newell Rubbermaid, Inc. v. Raymond Corp.*, 676 F.3d 521, 533 (6th Cir. 2012). "A mere scintilla of evidence is insufficient; 'there must be evidence on which a jury could reasonably find for the [non-movant].' " *Dominguez v. Correctional Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009) (quoting *Anderson*, 477 U.S. at 252); *see Brown v. Battle Creek Police Dep't*, 844 F.3d 556, 565 (6th Cir. 2016).

A moving party with the burden of proof faces a "substantially higher hurdle."

*Arnett v. Myers*, 281 F.3d 552, 561 (6th Cir. 2002); *Cockrel v. Shelby County Sch. Dist.*, 270 F.3d 1036, 1056 (6th Cir. 2001). The moving party without the burden of proof needs only show that the opponent cannot sustain his burden at trial. "But where the moving party has the burden – the plaintiff on a claim for relief or the defendant on an affirmative defense – his showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986) (citation and quotation omitted). The Court of Appeals has repeatedly emphasized that the party with the burden of proof faces "a substantially higher hurdle" and " 'must show that the record contains evidence satisfying the burden of persuasion and that the evidence is so powerful that no reasonable jury would be free to disbelieve it.' " *Arnett*, 281 F.3d at 561 (quoting 11 JAMES WILLIAM MOORE, ET AL., MOORE'S FEDERAL PRACTICE § 56.13[1], at 56-138 (3d ed. 2000)); *see Surles v. Andison*, 678 F.3d 452, 455-56 (6th Cir. 2012); *Cockrel*, 270 F.2d at 1056. Accordingly, summary judgment in favor of the party with the burden of persuasion "is inappropriate when the evidence is susceptible of different interpretations or inferences by the trier of fact." *Hunt v. Cromartie*, 526 U.S. 541, 553 (1999).

### Standards Applicable to the Affirmative Defense of Failure to Exhaust Remedies

Defendants have asserted the affirmative defense of plaintiff's failure to exhaust administrative remedies. A prisoner bringing an action with respect to prison conditions under 42 U.S.C. § 1983 "or any other Federal law" must exhaust available administrative remedies. 42 U.S.C. § 1997e(a); *see Jones v. Bock*, 549 U.S.

199, 220 (2007); *Porter v. Nussle*, 534 U.S. 516, 532 (2002); *Booth v. Churner*, 532 U.S. 731 (2001). A prisoner must exhaust available administrative remedies, even if the prisoner may not be able to obtain the specific type of relief he seeks in the state administrative process. *See Porter*, 534 U.S. at 520; *Booth*, 532 U.S. at 734. "This requirement is a strong one. To further the purposes behind the PLRA, exhaustion is required even if the prisoner subjectively believes the remedy is not available, even when the state cannot grant the particular relief requested, and even where the prisoner[ ] believes the procedure to be ineffectual or futile." *Napier v. Laurel County, Ky.*, 636 F.3d 218, 222 (6th Cir. 2011) (internal quotations and citations omitted).

In *Jones v. Bock*, the Supreme Court held that "exhaustion is an affirmative defense, and prisoners are not required to specifically plead or demonstrate exhaustion in their complaints." 549 U.S. at 216. The burden is on defendants to show that plaintiff failed to properly exhaust his administrative remedies. The Supreme Court reiterated that "no unexhausted claim may be considered." 549 U.S. at 220. The Court held that when a prisoner complaint contains both exhausted and unexhausted claims, the lower courts should not dismiss the entire "mixed" complaint, but are required to dismiss the unexhausted claims and proceed to address only the exhausted claims. 549 U.S. at 219-24.

In order to exhaust administrative remedies, prisoners must complete the administrative review process in accordance with the deadlines and other applicable procedural rules established by state law. *Jones v. Bock*, 549 U.S. at 218-19. In *Woodford v. Ngo*, 548 U.S. 81 (2006), the Supreme Court held that the PLRA

exhaustion requirement "requires proper exhaustion." 548 U.S. at 93. "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules." *Id.* at 90; *see Scott v. Ambani*, 577 F.3d 642, 647 (6th Cir. 2009). Thus, when a prisoner's grievance is rejected by the prison as untimely because it was not filed within the prescribed period, the prisoner's claim is not "properly exhausted" for purposes of filing a section 1983 action in federal court. 548 U.S. at 90-93; *Siggers v. Campbell*, 652 F.3d 681, 692 (6th Cir. 2011); *see* 42 U.S.C. § 1997e(a).

MDOC Policy Directive 03.02.130 (effective July 9, 2007) sets forth the applicable grievance procedures.[1] In *Sullivan v. Kasajaru*, 316 F. App'x 469, 470 (6th Cir. 2009), the Sixth Circuit held that this policy directive "explicitly required [the prisoner] to name each person against whom he grieved," and it affirmed the district court's dismissal of a prisoner's claim for failure to properly exhaust his available administrative remedies. *Id.* at 470.

The Sixth Circuit has "clearly held that an inmate does not exhaust available administrative remedies when the inmate fails entirely to invoke the grievance procedure." *Napier*, 636 F.3d at 224. An argument that it would have been futile to file a grievance does not suffice. Assertions of futility do not excuse plaintiff from the exhaustion requirement. *See Napier*, 636 F.3d at 224; *Hartsfield v. Vidor*, 199 F.3d 305, 309 (6th Cir. 1999) ("[A]n inmate cannot simply fail to file a grievance or abandon the process before completion and claim that he has exhausted his remedies or that

---

[1]Copies of the policy directive are found in the record. *See* ECF No. 15-2, PageID.100-06; ECF No. 21-2, PageID.144-50.

it is futile for him to do so because his grievance is now time-barred under the regulations."); *see also Booth v. Churner*, 532 U.S. at 741 n.6 ("[W]e will not read futility or other exceptions into statutory exhaustion requirements where Congress has provided otherwise.").

### **Preliminary Matters**

Plaintiff's complaint is not verified under penalty of perjury such that it could be considered as his affidavit in opposition to defendants' motions for summary judgment. *See El Bey v. Roop*, 530 F.3d 407, 414 (6th Cir. 2008); *Williams v. Browman*, 981 F.2d 901, 905 (6th Cir. 1992). Generally, the purported affidavits attached to plaintiff's complaint (ECF No. 1-1, PageID.27-30) and filed in response to defendants' motions for summary judgment (ECF No. 24-1, PageID.166; ECF No. 35-2, PageID.340-42) do not constitute evidence because they are made on mere "information and belief." "[S]tatements made on belief or on information and belief, cannot be utilized on a summary-judgment motion." *Ondo v. City of Cleveland*, 795 F.3d 597, 605 (6th Cir. 2015) (citation and quotation omitted); *see also Smith v. Alford*, No. 1:13-cv-694, 2015 WL 6159397, at *3 (W.D. Mich. Oct. 20, 2015) ("Statements in an affidavit made upon information and belief have no probative value and may not be considered in a motion for summary judgment." (citation and quotation omitted)); FED. R. CIV. P. 56(c)(4) ("An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated.").

The affidavit plaintiff filed in response to defendant Huyge's motion for summary judgment based on failure to exhaust administrative remedies contains statements made "to the best of [plaintiff's] knowledge & recollection." (ECF No. 24, PageID.163). Although it is doubtful whether such qualifying and equivocal language satisfies the personal knowledge requirement of Rule 56, it will be assumed that plaintiff's statements in this affidavit were made on the basis of personal knowledge. *See Wilson v. GMAC Fin. Servs. Corp.*, No. 2:06-cv-77, 2009 WL 467583, at *1 (E.D. Tenn. Feb. 24, 2009). This affidavit will be considered.

Plaintiff's "affidavit" in response to defendant Huyge's motion for summary judgment on the merits (ECF No. 35-1, PageID.313) will not be considered because the statements are made on "information and belief." It does not suffice as an affidavit for the reasons previously stated, and it cannot be considered as an unsworn declaration under 28 U.S.C. § 1746(2) because it does not satisfy the stringent statutory requirements. Plaintiff did not state "under penalty of perjury that the foregoing is true and correct." 28 U.S.C. § 1746(2). Instead, he added improper limitations that the statements were "true to the best of his knowledge, information, and belief" (ECF No. 35-1, PageID.313). Such statements are "not sufficient to support or oppose a motion for summary judgment." *Spain v. St. Joseph Cty. Jail*, No. 1:15-cv-205, 2016 WL 1296026, at *3 (W.D. Mich. Feb. 11, 2016) (citing *Ondo v. City of Cleveland*, 795 F.3d at 605).

By contrast, plaintiff's brief in response to defendant Huyge's motion for summary judgment based on lack of exhaustion provides an unambiguous statement

under penalty of perjury that "the foregoing is true and correct" sufficient to satisfy 28 U.S.C. § 1746(2).  (ECF No. 23 at PageID.160).  "Verified" arguments and legal conclusions are not evidence, however.  Legal conclusions, whether asserted in an affidavit or verified complaint, do not suffice to create a genuine issue of material fact for trial.[2]  *See Medison Am. Inc. v. Preferred Med. Sys., LLC*, 357 F. App'x 656, 662 (6th Cir. 2009); *Simmons v. Rogers*, No. 1:14-cv-1242, 2017 WL 1179376, at *1 (W.D. Mich. Mar. 30, 2017).  "Arguments in parties' briefs are not evidence." *Duha v. Agrium, Inc.*, 448 F.3d 867, 879 (6th Cir. 2006).

## Proposed Findings of Fact

The following facts are beyond genuine issue.  Plaintiff was an inmate at the Ionia Correctional Facility (ICF).  Health Care Manager Jody LeBarre, Nurses Keith Sikkema, Amy Moody, and Nicole Doolittle, and Physician's Assistant David Huyge were medical professionals providing care to ICF's inmates during the period at issue.

As a medical provider, Physician's Assistant Huyge did not review "kites" (health care requests).  Such review is a nursing staff function. (Huyge Aff. ¶¶ 2-3, ECF No. 32-1, PageID.223-24).

The first time Physician's Assistant Huyge examined plaintiff after his alleged November 20, 2016, injury was during a scheduled medical provider visit on May 16, 2017.  Plaintiff complained of a headache and he reported that that Excedrin Migraine provided effective pain relief.  Physician's Assistant Huyge continued that

---

[2] The citation to plaintiff's brief in the proposed findings of fact is an instance where plaintiff made a factual statement under penalty of perjury rather than mere allegations or arguments.

-9-

prescription. He also determined that plaintiff's neck had a normal range of motion. (Huyge Aff. ¶¶ 3-11, ECF No. 32-1, PageID.224; ECF No. 32-4, PageID.263-64).

Plaintiff states that Physician's Assistant Huyge made routine rounds of ICF's segregation unit, and that at numerous unspecified times he informed the physician's assistant of his medical problems stemming from the November 20, 2016, cell door incident. (Plf. Brief at 3, ECF No. 23, PageID.156). Plaintiff did not submit medical evidence in support of his claim against Physician's Assistant Huyge.

On August 17, 2017, plaintiff saw Physician's Assistant Huyge for an evaluation of a laceration that plaintiff had suffered two days earlier when he had been punched in the cheek during a fight with another inmate. Plaintiff was instructed to take Motrin as needed. In Physician's Assistant Huyge's medical judgment, he provided plaintiff with appropriate medical care. (Huyge Aff. ¶¶ 12-14, ECF No. 32-1, PageID.224-25; ECF No. 32-4, PageID.277-78).

On May 23, 2017, plaintiff filed his complaint. Two grievances lacking grievance numbers were among the attached exhibits. (ECF No. 1-1 at PageID.20, 24). Plaintiff states that he "turned in properly completed forms," but he never received a response or receipt acknowledging that he filed these grievances. (Plf. Aff. ¶ 3, ECF No. 24, PageID.163). Neither grievance mentioned defendants. In the first grievance, plaintiff complained that, on November 20, 2016, Corrections Officers Andrews and Brahm were negligent. (ECF No. 1-1 at PageID.20). The second grievance is dated December 13, 2016, and in it plaintiff complained that he had not yet received medical help in response to on December 6, 2016, kite stating that he

had sustained injury caused by a closing cell door. (*Id.* at PageID.24).

Plaintiff did not pursue any grievance through a Step III decision before he filed this lawsuit. (*See* ECF No. 15-3, PageID.108-09; ECF No. 21-1, PageID.143).

## Discussion

### I. Physician's Assistant Huyge

In *Estelle v. Gamble*, 429 U.S. 97 (1976), the Supreme Court held that deliberate indifference to a prisoner's serious medical needs, manifested by prison staff's intentional interference with treatment or intentional denial or delay of access to medical care, amounts to the unnecessary and wanton infliction of pain proscribed by the Eighth Amendment. *Estelle*, 429 U.S. at 104-05. In judging the sufficiency of "deliberate indifference" claims, the Court must view the surrounding circumstances, including the extent of the injury, the realistic possibilities of treatment, and the possible consequences to the prisoner of failing to provide immediate medical attention. *Westlake v. Lucas*, 537 F.2d 857, 860 n.4 (6th Cir. 1976).

In *Wilson v. Seiter*, 501 U.S. 294 (1991), the Supreme Court clarified the deliberate indifference standard: a prisoner claiming cruel and unusual punishment must establish both that the deprivation was sufficiently serious to rise to constitutional levels (an objective component) and that the state official acted with a sufficiently culpable state of mind (a subjective component). 501 U.S. at 298. "The plaintiff must show both that the alleged wrongdoing was objectively harmful enough to establish a constitutional violation and that the official acted with a culpable enough state of mind, rising above gross negligence." *Rhinehart v. Scutt*, No. 17-2166,

__ F.3d __, 2018 WL 3150944, at *9 (6th Cir. June 28, 2018). No reasonable trier of fact could find in plaintiff's favor on either component of Eighth Amendment claims against Physician's Assistant Huyge.

"The objective component requires a plaintiff to prove that the alleged deprivation of medical care was serious enough to violate the Eighth Amendment." *Id.* at *10. Plaintiff claims that the treatment he received was inadequate or unreasonably delayed. Thus, he was required to "present enough evidence for a factfinder to evaluate the adequacy of the treatment provided and the severity of the harm caused by the allegedly inadequate treatment" and " 'medical proof that the provided treatment was not an adequate medical treatment of [the inmate's] condition or pain.' " *Id.* (quoting *Santiago v. Ringle*, 734 F.3d 585, 591 (6th Cir. 2013). "The plaintiff also must place verifying medical evidence in the record to establish the detrimental effect of the inadequate treatment." *Rhinehart v. Scutt*, 2018 WL 3150944, at *10 (citation and quotation omitted). Plaintiff did not present medical evidence in support of his claim against Physician's Assistant Huyge.

The Supreme Court held in *Farmer v. Brennan*, 511 U.S. 825 (1994), that deliberate indifference is tantamount to a finding of criminal recklessness. An official "cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety[.]" *Id.* at 837. "A doctor is not liable under the Eighth Amendment if he or she provides reasonable treatment, even if the outcome of the treatment is insufficient or even harmful." *Rhinehart v. Scutt*, 2018 WL 3150944, at

*11. The judgments of medical professionals are entitled to deference. *Id.* The subjective component presents "a high bar that a plaintiff must clear to prove an Eighth Amendment medical needs claim: The doctor must have *consciously exposed* the patient to an *excessive risk* of *serious* harm." *Id.* (citation and quotation omitted).

The Sixth Circuit's decision in *Miller v. Calhoun County*, 408 F.3d 803 (6th Cir. 2005), summarized the subjective component's requirements:

> Deliberate indifference requires a degree of culpability greater than mere negligence, but less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result. The prison official's state of mind must evince deliberateness tantamount to intent to punish. Knowledge of the asserted serious needs or of circumstances clearly indicating the existence of such needs, is essential to a finding of deliberate indifference. Thus, an official's failure to alleviate a significant risk that he should have perceived but did not, while no cause for commendation, cannot under our cases be condemned as the infliction of punishment.

*Miller*, 408 F.3d at 813 (citations and quotations omitted).

"An inmate's disagreement with the testing and treatment he has received does not rise to the level of an Eighth Amendment violation. Nor does a desire for additional or different treatment suffice to support an Eighth Amendment claim." *Rhinehart v. Scutt*, 2018 WL 3150944, at *12 (citations and quotations omitted). "A disagreement with a course of medical treatment does not rise to the level of a federal constitutional claim under the Eighth Amendment." *Id.* at 15. Where a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second-guess medical judgments and constitutionalize claims that sound in state tort law. *Id.* at 23.

Plaintiff has not presented evidence sufficient to support the subjective

component of an Eighth Amendment claim for deliberate indifference to serious medical needs. The record shows that Physician's Assistant Huyge treated plaintiff and displayed no deliberate indifference. The claims that defendant "should have" provided him with "different" medical care are, at best, state-law malpractice claims.

## II. Exhaustion

Defendants have raised the affirmative defense that plaintiff did not properly exhaust his administrative remedies against them as required by 42 U.S.C. § 1997e(a). Exhaustion is mandatory. *Woodford*, 548 U.S. at 85. "[N]o unexhausted claim may be considered." *Jones v. Bock*, 549 U.S. at 220.

Plaintiff's argument that defendants' motions based on the affirmative defense should be denied because he did not have the opportunity to conduct discovery (Plf. Brief at 8, ECF No. 20, PageID.125; Plf. Brief at 6, ECF No. 23, PageID.159) cannot withstand scrutiny. Plaintiff had the opportunity to conduct discovery (ECF No. 17, PageID.112) and his failure to take advantage of that opportunity is not a reason to deny defendants' motions.

Plaintiff's briefs are not models of clarity. If he is arguing that the MDOC's grievance process was unavailable, he did not provide evidence supporting the argument. *See Williams v. White*, 724 F. App'x 380, 382-83 (6th Cir. 2018); *Quinn v. Eshem*, No. 16-3272, 2016 WL 9709498, at *3 (6th Cir. Dec. 20, 2016) ("[Plaintiff] has presented insufficient evidence to support his allegation that prison officials prevented him from exhausting available administrative remedies.").

If plaintiff is arguing that the unnumbered grievance he attached to his

complaint regarding the absence of a response to a December 6, 2016, kite somehow exhausted his claims against each defendant, his argument fails for lack of development and lack of supporting evidence. The MDOC's grievance policy authorized plaintiff to pursue Step II and III grievances if he did not received a timely grievance response. (P.D. 03.02.130 ¶ T, ECF No. 15-2, PageID.103). Defendants have provided record evidence that plaintiff did not pursue any grievance through a Step III decision before he filed this lawsuit. Plaintiff has failed to provide evidence challenging the accuracy of that information, which is his burden under Rule 56. *See Gresham v. Clute*, No. 1:15-cv-1066, 2018 WL 1305732, at *2 (W.D. Mich. Mar. 13, 2018) ("There [was] no record evidence that [p]laintiff followed the process available if no response was received.") (quotation omitted); *see also Gray v. King,* No. 16-13639, 2018 WL 1035720, at *2 (E.D. Mich. Feb. 22, 2018) ("Plaintiff was required to continue to the next step within the procedural rules, even if he received no response."). "[A]n inmate cannot simply fail to file a grievance or abandon the process before completion and claim that he has exhausted his remedies or that it is futile for him to do so[.]" *Hartsfield v. Vidor*, 199 F.3d 305, 309 (6th Cir. 1999). I find that plaintiff did not properly exhaust his claims against defendants.

## **Recommended Disposition**

For the reasons set forth herein, I recommend that defendants' motions for summary judgment (ECF No. 14, 21, 32) be granted, and that the Court dismiss plaintiff's claims against defendants LeBarre, Sikkema, Moody, and Doolittle without prejudice.  I further recommend that the Court enter judgment in favor of Physician's Assistant Huyge on all plaintiff's claims.


Dated:   July 18, 2018 /s/  Phillip J. Green
PHILLIP J. GREEN
United States Magistrate Judge


### **NOTICE TO PARTIES**

ANY OBJECTIONS to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you.  28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b).  All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b).  Failure to file timely and specific objections may constitute a waiver of any further right of appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 458 (6th Cir. 2012); *United States v. Branch*, 537 F.3d 582, 587 (6th Cir. 2008).  General objections do not suffice.  *See McClanahan v. Comm'r of Social Security*, 474 F.3d 830, 837 (6th Cir. 2006); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006).