UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES RAHEEM RAINS,

    Plaintiff,

CASE NO. 1:17-CV-470

v.

HON. ROBERT J. JONKER

WILLIE SMITH, *et al.*,

    Defendants.

_____/

## ORDER APPROVING AND ADOPTING
## REPORT AND RECOMMENDATION

The Court has reviewed Magistrate Judge Green's Report and Recommendation in this matter (ECF No. 38), Plaintiff's Objections (ECF No. 43), and Defendants' Responses (ECF Nos. 45, 46). Under the Federal Rules of Civil Procedure, where, as here, a party has objected to portions of a Report and Recommendation, "[t]he district judge . . . has a duty to reject the magistrate judge's recommendation unless, on de novo reconsideration, he or she finds it justified." 12 WRIGHT, MILLER, & MARCUS, FEDERAL PRACTICE AND PROCEDURE, § 3070.2, at 451 (3d ed. 2014). Specifically, the Rules provide that:

> The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

FED. R. CIV. P. 72(b)(3). De novo review in these circumstances requires at least a review of the evidence before the Magistrate Judge. *Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981). The Court has reviewed de novo the claims and evidence presented to the Magistrate Judge; the

Report and Recommendation itself; Plaintiff's Objections; and Defendants' Responses. The Court finds the Magistrate Judge's Report and Recommendation, which recommends granting the defense motions for summary judgment (ECF Nos. 14, 21, 32), factually sound and legally correct.[1]

The Magistrate Judge carefully and thoroughly considered the evidentiary record, the parties' arguments, and the governing law. Plaintiff's objections do not address the Report and Recommendation in a persuasive way. The objections primarily amplify arguments Plaintiff has already made and the Magistrate Judge has already addressed properly. Plaintiff's objections as to Defendant Huyge fails to come to grips with the fundamental point that "[a] patient's disagreement with his physicians over the proper medical treatment alleges no more than a medical malpractice claim, which is a tort actionable in state court, but is not cognizable as a federal constitutional claim." *Owens v. Hutchinson*, 79 F. App'x 159, 161 (6th Cir. 2003). The Magistrate Judge correctly determined that Plaintiff did not properly exhaust his claims as to the remaining Defendants. Nothing in Plaintiff's objections changes the core analysis. Summary judgment in favor of the moving Defendants is appropriate, for the very reasons the Report and Recommendation details.

**ACCORDINGLY, IT IS ORDERED**:

1. The Report and Recommendation of the Magistrate Judge (ECF No. 38), with the clarification that the Court is making no factual finding, is **APPROVED AND ADOPTED** as the opinion of the Court.

2. Defendants' Motions for Summary Judgment (ECF Nos. 14, 21, 32) are **GRANTED**.

---

[1] The Report and Recommendation contains the heading "proposed findings of fact," but the Court is making no factual finding.

3. Plaintiff's claims against Defendant Huyge are **DISMISSED WITH PREJUDICE**.

4. Plaintiff's claims against Defendants LeBarre, Sikkema, Moody, and Doolittle are **DISMISSED WITHOUT PREJUDICE** for lack of exhaustion.

5. For the same reasons that the Court dismisses Plaintiff's claims, the Court discerns no good-faith basis for an appeal within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997) (overruled on other grounds by *Jones v. Bock*, 549 U.S. 199 (2007)).


Dated:   September 7, 2018                  /s/ Robert J. Jonker
                                            ROBERT J. JONKER
                                            CHIEF UNITED STATES DISTRICT JUDGE